**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RISA CACCIOTTI,**

    **Plaintiff,**

**v.**                                           **Case No: 5:25-cv-33-JSM-PRL**

**WALMART, INC., et al.,**

    **Defendants.**

_____

**ORDER**

This matter is before the Court on Plaintiff's petition for approval of attorneys' fee contract because it provides for a contingency fee in excess of the standard fee set forth in Rule 4-1.5(f)(4)(B)(i) of the Rules Regulating the Florida Bar. (Doc. 38).

Rule 4-1.5(f)(4)(B)(ii) provides that "[i]f any client is unable to obtain a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court . . . for approval of any fee contract between the client and a lawyer of the client's choosing. Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract."

Here, Plaintiff requests that the Court approve the attorneys' fee contract and specifically affirms that she has reviewed and understands the contract. She states that she understands that the agreement provides for a higher fee than the standard fee contract as set forth by the Rules Regulating the Florida Bar, and that it must be approved by the Court. She explains that because of the complexity of this case, Morgan & Morgan, P.A.—her attorney of choice—is unwilling to accept representation other than as set out in the

contract. Plaintiff acknowledges that she has the right to seek representation by another lawyer who might be willing to accept representation under different terms.

In support of her request for approval of the higher fee, Plaintiff states that she understands that products liability lawsuits are some of the most costly, complex and time consuming of all tort cases; acknowledges that Morgan & Morgan is incurring considerable risk by accepting the case on a contingency fee basis and by agreeing to advance all expenses necessary to prosecute the case to conclusion; understands that by committing its time and resources to this case, Morgan & Morgan will be restricted in its ability to do other legal work for other prospective clients; and that she desires to retain Morgan & Morgan because she believes it has the special expertise necessary to handle this litigation.

Because Plaintiff has shown a complete understanding of her rights and the terms of the proposed contract, Plaintiff's petition (Doc. 38) is due to be **GRANTED**. The Court hereby approves the attorneys' fee contract attached as Exhibit A to the motion.

**DONE** and **ORDERED** in Ocala, Florida on February 10, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record

- 2 -